Bruce E. Baldinger, Esq. (01837-1984)
**THE LAW OFFICES OF BRUCE E. BALDINGER, LLC**
365 South Street
Morristown, NJ 07960
Phone: (908) 218-0060
Fax: (973) 270-0934
Attorneys for Represented Defendants (Identified Below)

Donald T. Okner (26956-1971)
**DWYER CONNELL & LISBONA LLP**
100 Passaic Avenue, Suite 100B
Fairfield, New Jersey 07004
Phone: (973) 276-1800
Fax:  (973)276-1888
Co-counsel for Represented Defendants (Identified Below)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIRATH SINGH, on behalf of himself and those similarly situated, | : : |
| Plaintiff, | : Civil Action No. |
| v. | : |
| | : **NOTICE OF REMOVAL** |
| LITHIA MOTORS INC.; LITHIA EATONTOWN-F LLC d/b/a DCH Ford of Eatontown; DCH MOTORS LLC d/b/a DCH Kay Honda; PARAMUS WORLD MOTORS LLC d/b/a DCH Paramus Honda; DCH FREEHOLD LLC d/b/a DCH Freehold Toyota and DCH Freehold Scion; DARON MOTORS LLC d/b/a DCH Academy Honda; DCH BLOOMDFIELD LLC d/b/a DCH BMW of Bloomfield; LITHIA RAMSEY-M LLC d/b/a DCH Prestige MINI of Ramsey; LITHIA RAMSEY-T LLC d/b/a DCH Prestige Toyota of Ramsey; LITHIA RAMSEY-B LLC d/b/a DCH Prestige BMW of Ramsey; LITHIA RAMSEY-L LLC d/b/a DCH Prestige Lexus of Ramsey; LITHIA PARAMUS-M LLC d/b/a DCH Prestige Mercedes-Benz of Paramus; LITHIA HAMILTON-H LLC d/b/a Hamilton Honda; SHARLENE REALTY LLC d/b/a DCH Brunswick Toyota; DCH MONMOUTH LLC d/b/a BMW of Freehold; DCH ESSEX INC. d/b/a | : : : : Removed from : Superior Court of New Jersey : Monmouth County : Docket No. MON L-000632-23 : : : : : : : : : : : |

| | |
|---|---|
| DCH Millburn Audi,  DCH MONTCLAIR ACURA LLC d/b/a DCH Montclair Acura; UNION-H LLC d/b/a Planet Honda; Bryan DeBoer, John North III, Scott Hillier, Sidney DeBoer, Mark D. DeBoer, Chun-Wai C. Liang, Mark Smith, Bryan DeBoer, Barry Pollack, Priscilla Robinson, and Dylan Massih, Sherry Stratton, and Edward Impert. | : : : : : : : : : |

To: The Clerk of the United States District Court
for the District of New Jersey

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendants Lithia Motors Inc., Lithia Eatontown-F LLC, DCH Motors, LLC, Paramus World Motors LLC, DCH Freehold LLC, Daron Motors, LLC, DCH Bloomfield, LLC, Lithia Ramsey-M LLC (d.b.a. DCH Prestige Mercedes-Benz of Paramus and d.b.a. DCH Prestige MINI of Ramsey), Lithia Ramsey-T LLC, Lithia Ramsey-B, LLC, Lithia Ramsey-L LLC, Lithia Paramus-M LLC, Lithia Hamilton-H, LLC, Sharlene Realty LLC, DCH Monmouth LLC, DCH Essex Inc., DCH Montclair Acura LLC,  Union-H LLC, Bryan DeBoer, John North III, Scott Hillier, Sidney DeBoer, Mark D. DeBoer, Chun-Wai C. Liang,  Mark Smith, Priscilla Robinson, Dylan Massih, and Edward Impert (collectively "Represented Defendants") by and through their attorneys, The Law Offices of Bruce E. Baldinger, LLC and Dwyer Connell & Lisbona, LLP hereby remove the above-captioned action from the Superior Court of the State of New Jersey, Monmouth County, Docket No. Mon L-000632-23, to the United States District Court for the District of New Jersey.

In support of this Notice of Removal, Represented Defendants states as follows:

**PROCEDURAL BACKGROUND**

Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

1.Upon information and belief, Plaintiff Tirath Singh ("Plaintiff") resides in Hicksville, NY and is represented by Andrew R. Wolf, Esq., Javier L. Merino, Esq., Saher Chaudhary, Esq., of The Dann Law Firm PC and co-counsel Moshe O. Boroosan, Esq., Moshe O. Boroosan PC. [Complaint ¶9].

2.Lithia Motors Inc. is a corporation formed in the State of Oregon with its principal place of business in Medford, Oregon. [Complaint ¶10]

3.Lithia Eatontown-F LLC, is a limited liability company formed in the State of New Jersey with its principal offices located in Eatontown, NJ.  Dah Chong Hong Trading Corporation is the sole member of Lithia Eatontown-F, LLC. [Complaint ¶10]. Dah Chong Hong Trading Corporation was formed in New Jersey in October, 1990, bears New Jersey Entity Identification Number 0100468029 and has its principal place of business in South Amboy, New Jersey.

4.Lithia Ramsey-B LLC, Lithia Ramsey-M LLC, Lithia Ramsey-L LLC and Lithia Ramsey-T LLC are each limited liability companies formed in the State of New Jersey with their principal offices located in Ramsey, New Jersey.  Dah Chong Hong Trading Corporation is the sole member of Lithia Ramsey-B LLC, Lithia Ramsey-M LLC, Lithia Ramsey-L LLC, and Lithia Ramsey-T LLC. [Complaint ¶10].  Dah Chong Hong Trading Corporation was formed in New Jersey in October, 1990, bears New Jersey Entity Identification Number 0100468029 and has its principal place of business in South Amboy, New Jersey.

5.DCH Motors LLC, DCH Montclair Acura LLC, DCH Bloomfield LLC, DCH Essex LLC, Sharlene Realty LLC, DCH Freehold LLC and DCH Monmouth LLC are limited liability companies formed in the State of New Jersey with their principal offices located in South Amboy, Montclair, Bloomfield, Maplewood, North Brunswick, Freehold, and Monmouth, New

Jersey, respectively.  Their sole member is Dah Chong Hong Trading Corporation.  Dah Chong Hong Trading Corporation was formed in New Jersey in October, 1990, bears New Jersey Entity Identification Number 0100468029 and has its principal place of business in South Amboy, New Jersey.

6. Lithia Paramus-M, LLC is limited liability companies formed in the State of New Jersey with its principal offices located in Paramus, NJ.  Its sole member is Dah Chong Hong Trading Corporation.  Dah Chong Hong Trading Corporation was formed in New Jersey in October, 1990, bears New Jersey Entity Identification Number 0100468029 and has its principal place of business in South Amboy, New Jersey.

7. Lithia Hamilton-H, LLC is a limited liability company formed in the State of New Jersey with its principal offices located in Hamilton, NJ.  Its sole member is Dah Chong Hong Trading Corporation.  Dah Chong Hong Trading Corporation was formed in New Jersey in October, 1990, bears New Jersey Entity Identification Number 0100468029 and has its principal place of business in South Amboy, New Jersey.

8. Paramus World Motors LLC is a limited liability company formed in the State of New Jersey with its principal offices located in Paramus, New Jersey.  Its sole member is Dah Chong Hang Trading Corporation with its principal offices in South Amboy, New Jersey.

9. Daron Motors, LLC   is a limited liability company formed in the State of New Jersey with its principal offices located in Old Bridge, New Jersey.  Its sole member is Dah Chong Hang Trading Corporation with its principal offices in South Amboy, New Jersey.

10. Union-H LLC is a limited liability company formed in the State of New Jersey with its principal offices located in Old Bridge, New Jersey.  Its sole member is Dah Chong Hang Trading Corporation with its principal offices in South Amboy, New Jersey.

11. Bryan DeBoer (named twice in the caption) is an individual and citizen of the State of Oregon.

12. John North III is an individual and citizen of the State of Oregon.

13. Scott Hillier is an individual and citizen of the State of Oregon.

14. Sidney DeBoer is an individual and citizen of the State of Oregon.

15. Mark D. DeBoer is an individual and citizen of the State of Oregon.

16. Chun-Wai C. Liang is an individual and citizen of the State of New Jersey

17. Mark Smith is an individual and citizen of the State of Arizona.

18. Priscilla Robinson is an individual and a citizen of the State of New Jersey.

19. Dylan Massih is an individual and a citizen of the State of New Jersey.

20. Edward Impert is an individual and a citizen of the State of Oregon.

21. On March 1, 2023, Plaintiff filed a civil action in the Superior Court of the State of New Jersey, Monmouth County, captioned *Singh v. Lithia Motors, Inc., et. al*., and bearing Docket Number MON L-000632-23.

22. Plaintiff served his Complaint on the undersigned counsel who accepted service on April 10, 2023.

23. Barry Pollack and Sherry Stratton have not yet been served.

24. Fewer than thirty (30) days have elapsed since Plaintiff served the Summons and Complaint on Represented Defendants. Accordingly, Represented Defendants have timely filed this Notice of Removal under 28 *U.S.C.* § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 *U.S.* 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service).

25. In his Complaint, Plaintiff alleges raises a variety of claims related to his purchase of a motor vehicle from Lithia Eatontown-F, LLC and, through an effort to conjoin under one yoke, seeks to name all other defendant dealerships through the attempted application of the juridical link doctrine.

26. No proceedings have been held in the Superior Court of the State of New Jersey, Monmouth County since Plaintiff filed his Complaint. The Summonses, Complaint, Amended Complaint and Acknowledgment of Service – copies of which are attached hereto **as Exhibits A, B, C and D** respectively – constitute the entirety of the process, pleadings, Defendant has received in this case to date. See 28 *U.S.C*. § 1447(b).

## GROUNDS FOR REMOVAL

27. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332.

*Amount in Controversy*

28. In his Complaint, Plaintiff on his own behalf and as the purported representative of the alleged class seeks monetary damages and equitable relief, averring that defendants' alleged unlawful conduct in its automobile sales practices violated the New Jersey Automotive Sales Practices regulations, *N.J.A.C*. 13:45A-26B.1 to -B.4 (the "ASP Regulations"), the New Jersey Motor Vehicle Advertising Practices Regulations, *N.J.A.C*. 13:45A-26A.7(a)(7) (the "MVAP Regulations"), the New Jersey Consumer Fraud Act, *N.J.S.A*. 56:8-1, et seq. ("CFA"), and the New Jersey Truth-in Consumer Contract, Warranty and Notice Act, *N.J.S.A*. 56:12-14 to -18 ("TCCWNA"). [Complaint ¶1].

29. For each member of the class, Plaintiff asserts damages, *inter alia*, of $799.00 for unitemized documentary service fee (ASP Regulations); $299.00 for violations of estimated title and registration fees (ASP Regulations); $1,847.34 for violations of MVAP Regulations.

30. Plaintiff then enfolds this this damage claim with the assertion of CFA violations subjecting them to treble damages and mandatory attorney's fees.

31. The amount in controversy may be determined "by consulting the face of the complaint and accepting the plaintiff's good faith allegations." *Dolin v. Asian American Accessories, Inc.*, 449 *Fed. App'x* 216, 218 (3d Cir. 2011).

32. Although Represented Defendants deny that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations demonstrate that the total amount allegedly at issue exceeds $75,000.00.

33. In his Complaint, Plaintiff alleges damages of at least $3,000.00. In addition, Plaintiff seeks the return of his purchase price, $40,675.00 [Complaint ¶33 and *ad damnum* (q)]. His complaint also alleges the trebling of damages, injunctive relief, and mandatory attorney's fees. In class action litigation and other litigation such as that before this Court where there is mandatory fee shifting, the attorney's fees alone likely exceed the jurisdictional requirement. *Raspa v. Home Depot*, 533 *F.Supp.2d* 514 (D. N.J. 2007) ("Plaintiff also seeks attorneys' fees, which alone can exceed six figures"). *Id* at 522.

34. Without even considering the multiplying of the potential damages under the Class Action Fairness Act analysis, the Plaintiff alone exceeds the jurisdictional threshold.

35. While Plaintiff does not precisely quantify the full damages he seeks to recover, he cannot show to a legal certainty that his alleged damages amount to less than $75,000.00. See *Frederico v. Home Depot*, 507 *F.3d* 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional

minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"); Raspa v. Home Depot, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (denying motion to remand where plaintiffs sought damages, interest, costs of suit and attorney fees because plaintiffs did not expressly limit damages to $75,000.00 or less and attorney's fees alone can add up to hundreds of thousands of dollars).

36. Based on the allegations of the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

*Citizenship*

37. As established by the face of the Complaint, Plaintiff is a citizen of the State of New York.

38. No individual Defendants are citizens of New York.

39. "Limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business." *Master v. Quiznos Franchise Co.*, 2007 WL 419287 (D.N.J. Feb. 1, 2007). No limited liability company defendant or its members are citizens of the State of New York.

40. For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 *U.S.C.* § 1332(c)(1). No corporate defendant is incorporated or has its principal place of business in New York.

41. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants. See 28 U.S.C. § 1441(b)(2).

**ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

42. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Monmouth County, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. [See generally Comp. ¶33].

43. In accordance with 28 *U.S.C.* § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Monmouth County, where the suit has been pending.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Represented Defendants hereby removes this action to the United States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State of New Jersey, Monmouth County proceed no further with respect to this case in accordance with 28 *U.S.C.* § 1446.

*/s/ Bruce E. Baldinger, Esq.*
Bruce E. Baldinger, Esq.
Attorney for Represented Defendants

Dated: April 10, 2023